# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

MICHAEL BENJAMIN PHILLIPS,     *
BCSCC # 20007708,     *
     *
    Plaintiff,     *
     *   CIVIL ACTION 22-00125-TFM-B
vs.     *
     *
WILLIAM E. SCULLY, JR., *et al.*, *
     *
    Defendants.     *

## REPORT AND RECOMMENDATION

Plaintiff Michael Benjamin Phillips, a Baldwin County Sheriff's Corrections Center inmate who is proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. §§ 1983, 1985, and 1988 and 28 U.S.C. § 1343. This action has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). Upon careful review, it is recommended that this action be **DISMISSED without prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), because Phillips's claims are either frivolous or fail to state a claim upon which relief may be granted.

## I. Proceedings.

The amended complaint that is presently before the Court (Doc. 5) was filed at the Court's directive after it was determined that Phillips's initial complaint was deficient. (See Doc. 4). In the

amended complaint, Phillips names as Defendants William E. Scully, Jr., District Court Judge for Baldwin County, Alabama; Jody Wise Campbell, the Circuit Court Clerk for Baldwin County, Alabama; and Baldwin County, Alabama. (Doc. 5 at 10). Phillips states that his claims arose between October 31, 2020 and February 14, 2022. (Id. at 4).

According to Phillips, after he was returned to jail on October 31, 2020, Judge Scully denied him the 72-hour hearing required by Ala. R. Crim. P. 4.3 and 7.5. (Id.). Phillips asserts that because no hearing was held on November 3, 2020, no determination was made as to whether he was guilty or not guilty of violating a condition of his release, and therefore no reason existed to hold him without bond. (Id.).

Phillips contends that previously, on September 10, 2020, his attorney, Donald Doett, Jr., moved for a preliminary hearing, but a hearing was not held until approximately 135 days later, on January 22, 2021, in violation of Ala. R. Crim. P. 5.1(a), (c), and (d). (Id. at 5). Phillips alleges that this delay caused him to be held at the Baldwin County Sheriff's Corrections Center for 84 of the 135 days. (Id.). Phillips asserts that Judge Scully would not allow him to testify at the preliminary hearing on January 22, 2021, and that this violated his rights under Ala. Const. § 6 and Ala. R. Crim. P. 5.3(a). (Id.).

Phillips further alleges that on December 17, 2021, Judge Scully denied his motion for a speedy trial with an order stating: "Case sent to Grand Jury. District Court no longer has Jurisdiction." (Id.). As a result, Phillips, on December 20, 2021, filed a motion with the circuit court and sent a letter to a circuit court judge with a copy of Judge Scully's order stating that the district court no longer had jurisdiction, and Phillips requested a "remedy from Judge Scully's errors and wrongdoings." (Id.). According to Phillips, Defendant Campbell did not refer the motion or the letter to a circuit court judge; instead, she referred them to Judge Scully, who denied the motion. (Id.). Phillips alleges that this constituted a conflict of interest according to the U.S. Const. amend. VI and Ala. R. Crim. P. 8.1. (Id.).

According to Phillips, on January 9, 2022, he sent the circuit court a petition for writ of habeas corpus pursuant to Ala. Code § 15-21-6, which requires that habeas petitions be addressed to the nearest circuit court judge. (Id. at 6). Phillips contends that he addressed the petition to Judge Stankoski, who was the nearest circuit judge, but upon receipt of the petition, Defendant Campbell filed it and sent it to Judge Scully, about whom the petition was complaining. (Id.). On January 10, 2022, Judge Scully denied the petition and stated in his order: "District court

3

no long[er] has Jurisdiction." (Id.). Phillips contends that this is evidence that Judge Scully acted outside his jurisdiction. (Id.). Phillips maintains that the petition should not have been referred to Judge Scully and should instead have been directed to the addressee, Judge Stankoski, or to another circuit court judge. (Id.).

Phillips states that on January 11, 2022, he wrote Defendant Campbell and informed her that his petition for writ of habeas corpus was handled incorrectly and that "he would file with the Southern federal court if errors [weren't] corrected." (Id.). Phillips asserts that on January 12, 2022, Defendant Campbell "rushed copies and paperwork to [him] so he could refile his petition" because she knew that errors had been made. (Id.). Rather than refiling his state habeas petition, Phillips filed a habeas petition in federal court.[1] (Id. at 6-7).

---

[1] On February 18, 2022, Phillips filed a petition for writ of habeas corpus with this Court. Phillips v. Mack, No. 1:22-cv-00073-KD-MU (S.D. Ala. 2022), ECF No. 1. In the habeas petition, Phillips complains about the same matters as those complained of in the amended complaint in this case. He also asserts that he violated his bond because his daughter was being victimized by her stepbrother and by Phillips's wife (who is not his daughter's mother). Id. at 6. He further alleges that they kept his daughter from speaking to DHR about it, but the A.B.C. House in Albany, Oregon, can confirm his allegations. Id.

In response, the Respondent filed an answer advising that Phillips is incarcerated and awaiting trial on numerous charges arising from the alleged sexual molestation of a minor. ECF No. 11 at 1-4. According to the Respondent, Phillips was initially

Phillips alleges that on January 23, 2022, he wrote Defendant Campbell a letter complaining about not receiving a response to his motions, and that Defendant Campbell returned the letter to him and wrote on the top of the letter that "the Judge didn't respond." (Id. at 7). Phillips further asserts that on January 25, 2022, he wrote Defendant Campbell complaining about Judge Scully's treatment of him and requested to file a grievance, to seek an administrative remedy, and to appeal Judge Scully's decision, but he did not receive a response. (Id.). Additionally, Phillips alleges that on February 3, 2022, he again wrote Defendant Campbell complaining about disappearing motions and again raising the matters complained of in his prior letter of January 25, 2022. (Id.). In response, she returned the letter with a note stating: "Your motions have been sent to Judge. When we get something

---

released on bond and required to wear an ankle monitor and to have no contact with the victim, the victim's family, or any person less than 19 years of age. Id. at 2. On October 1, 2020, the State moved to revoke Phillips's bond because he violated his bond's conditions by removing his ankle monitor, traveling to Oregon and Tennessee, and contacting his minor children, the victim, and the victim's family. Id. On November 2, 2020, Phillips was arrested, and the Baldwin County district court ordered that he be held without bond. Id. at 2-3.

The Respondent argued that Phillips's § 2241 habeas petition should be dismissed because he has failed to exhaust his state court remedies and failed to show that he is in custody in violation of the Constitution or laws of the United States. Id. at 5-9. Phillips filed a memorandum in response, ECF No. 12, and his federal habeas action remains pending.

back[,] you'll get notice!!" (Id.). According to Phillips, Defendant Campbell did not respond to the other matters he raised. (Id.).

Phillips contends that Judge Scully and Defendant Campbell "had it worked out to where no letters, complaints, petitions, or motions made it past Judge Scully, no matter who[m] they were addressed to, or whos[e] jurisdiction it fell under." (Id.). He also alleges that Judge Scully denied everything he sent in, and that Defendant Campbell refused to send "things" anywhere other than to Judge Scully and refused to allow him to appeal, file a grievance, or seek an administrative remedy. (Id.). Phillips contends that Defendant Campbell aided Judge Scully in depriving him of his civil rights in a "conspiracy" to interfere with his civil rights. (Id. at 7-8).

Phillips asserts that Judge Scully's actions were "an unconstitutional exercise of his [judicial] authority," and that Judge Scully's "discriminatory decisions clearly violated established constitutional laws, and set in motion a series of events [that Judge Scully] knew would deprive [Phillips] of his constitutional rights, such as Due Process and Equal [P]rotection." (Id. at 8). Moreover, Phillips contends that Judge Scully "stepped outside of his jurisdiction [when he] acted . . . outside of the established laws govern[ing] the proceeding[s] in

6

all Alabama courts . . . ." (Id.).

Phillips seeks injunctive and declaratory relief; nominal, compensatory, and punitive damages; statutory damages; and administrative actions if monetary relief is not granted to prevent a repeat of the actions alleged. (Id. at 9).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Phillips is proceeding *in forma pauperis*, the Court is reviewing his amended complaint under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, or when the claim seeks to enforce a right that clearly does not exist.  Id. at 327.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557 (last brackets in original). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

When considering a *pro se* litigant's allegations, a court construes them liberally, giving them more leniency than those drafted by an attorney. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, this "does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168–69 (11th Cir. 2014) (citation and quotation marks omitted). Furthermore, a court treats as true a plaintiff's factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. Iqbal, 556 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

## III. Discussion.

### A. Claim Under 28 U.S.C. § 1343.

Section 1343(a)(3) provides jurisdiction for a civil action that redresses

> the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States[.]

28 U.S.C. § 1343(a)(3). This statute is "the source of the district court's jurisdiction to hear . . . [§] 1983 claims." Fountain v. Metro. Atlanta Rapid Transit Auth., 678 F.2d 1038, 1041 n.7 (11th Cir. 1982). However, "§ 1343 does not create a private right of action." Albra v. City of Fort Lauderdale, 232 F. App'x 885, 892 (11th Cir. 2007) (per curiam).[2] Therefore, to the extent Phillips intended to advance a claim directly under this statute, such claim is without legal merit and is therefore frivolous. See Neitkze, 490 U.S. at 325. This statute simply provides a basis for the Court's jurisdiction over civil rights claims.

---

[2] Federal Appendix cases are unpublished Eleventh Circuit opinions and are not considered binding precedent, but they may be cited as persuasive authority. See 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."); Henry v. Comm'r of Soc. Sec., 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

**B. Claim Under 42 U.S.C. § 1988.**

Similarly, 42 U.S.C. § 1988 "merely provides certain remedies to parties who prevail under other civil rights statutes. It does not provide a separate cause of action." Singleton v. Ala. Democratic Party, 2005 U.S. Dist. LEXIS 52859, at *17 n.10, 2005 WL 8174570, at *6 n.10 (M.D. Ala. Mar. 30, 2005). Phillips does not specify the subsection of the statute on which he relies, but due to the disposition of this action, none of the remedies provided by § 1988 (i.e., supplementation with state law, attorney's fees, and expert fees) are accessible to him. Thus, Phillips does not have a viable cause of action under § 1988, and his § 1988 claim is consequently frivolous.

**C. Conspiracy Claim and Claim Under 42 U.S.C. § 1985.**

In order to state a § 1983 conspiracy claim, a plaintiff must provide more than a label or a conclusion of a conspiracy, Twombly, 550 U.S. at 555, and a vague and conclusory conspiracy allegation is subject to dismissal. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). Rather, the allegations "must show that the parties 'reached an understanding' to deny the plaintiff his or her rights [and] prove an actionable wrong to support the conspiracy." Bailey v. Bd. of Cty. Comm'rs of Alachua Cty., Fla., 956 F.2d 1112, 1122 (11th Cir. 1992) (citation omitted). Agreement is the linchpin for a conspiracy. Id. Stringing together events

without showing contacts between the defendants which demonstrate that an understanding to violate the plaintiff's constitutional rights was reached is not sufficient to establish a conspiracy. Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992). Allegations "must be placed in the context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." Twombly, 550 U.S. at 557. Here, Phillips simply mentions that Defendant Campbell aided in a "conspiracy" with Judge Scully to interfere with his civil rights. (Doc. 5 at 7-8). This sole allegation of conspiracy is vague and conclusory, with no factual allegations showing any contact or agreement. Thus, Phillips's § 1983 conspiracy claim fails to state a claim upon which relief can be granted.

While Phillips has claimed a violation of his rights under 42 U.S.C. § 1985, he fails to specify which subsection of the statute was violated. A review of § 1985 indicates that subsections (2) and (3) may offer a remedy, as they contain provisions that are not inconsistent with information provided in the amended complaint.[3] These subsections require that a plaintiff plead both

---

[3] The last clause of § 1985(2) provides:

> [I]f two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property

a conspiracy and a deprivation of equal protection of the laws.

Kivisto v. Miller, Canfield, Paddock & Stone, PLC, 413 F. App'x

136, 139-40 (11th Cir. 2011) (per curiam).  A vague and conclusory

claim of conspiracy that does not show a meeting of the minds or

an agreement to accomplish a common, unlawful scheme between two

or more persons is insufficient and is due to be dismissed.  See

Gibbs v. United States, 517 F. App'x 664, 669 (11th Cir. 2013) (§

1985(3)); Windham v. City of Fairhope, 2013 U.S. Dist. LEXIS 54203,

at *65-66, 2013 WL 1679355, at *16 (S.D. Ala. Apr. 16, 2013) (§

1985(3) & collecting cases); Marsh v. Baptist Health, 2017 U.S.

---

    for lawfully enforcing, or attempting to enforce, the
    right of any person, or class of persons, to the equal
    protection of the laws[.]

42 U.S.C. § 1985(2).

    The first and last clauses of § 1985(2) provide:

    If two or more persons in any State or Territory conspire
    or go in disguise on the highway or on the premises of
    another, for the purpose of depriving, either directly
    or indirectly, any person or class of persons of the
    equal protection of the laws, or of equal privileges and
    immunities under the laws;  . . .  in any case of
    conspiracy set forth in this section, if one or more
    persons engaged therein do, or cause to be done, any act
    in furtherance of the object of such conspiracy, whereby
    another is injured in his person or property, or deprived
    of having and exercising any right or privilege of a
    citizen of the United States, the party so injured or
    deprived may have an action for the recovery of damages
    occasioned by such injury or deprivation, against any
    one or more of the conspirators.

42 U.S.C. § 1985(3).

Dist. LEXIS 75186, at *9, 2017 WL 9512455, at *4 (M.D. Ala. May 16, 2017) (§ 1985(2)).  And a violation of equal protection of the laws requires that the basis for the alleged conspiracy be a racial or class-based discriminatory animus.  Kivisto, 413 F. App'x at 140; Marsh, 2017 U.S. Dist. LEXIS 75186, at *8, 2017 WL 9512455, at *4 (§ 1985(2)); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971) (§ 1985(3)); Dean v. Warren, 12 F.4th 1248, 1255 (11th Cir. 2021) (§ 1985(3)).

In the present action, Phillips has not alleged an agreement or a meeting of the minds, nor do his allegations reflect a racial or class-based discriminatory intent.  Accordingly, he has failed to state a claim under 42 U.S.C. § 1985.

**D. Claims Against District Court Judge William E. Scully, Jr.**

As noted *supra*, Phillips names William E. Scully, Jr., an Alabama district court judge, as a Defendant.  In a § 1983 action, a judge is entitled to absolute judicial immunity from damages for those acts taken while he was acting in his judicial capacity unless he "acted in the 'clear absence of all jurisdiction.'" Stump v. Sparkman, 435 U.S. 349, 357 (1978) (citation omitted); Simmons v. Conger, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (same). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge.  A judge will not be deprived of immunity because the action he took was in error, was

done maliciously, or was in excess of his authority[.]" <u>Stump</u>, 435 U.S. at 356. In addition, a judge is entitled to immunity from suits for injunctive relief. <u>Velasquez Andres v. Keyser</u>, 777 F. App'x 392, 396 (11th Cir. 2019) (per curiam); <u>see</u> 42 U.S.C. § 1983 ("[I]njunctive relief shall not be granted" against a judge who was acting in his judicial capacity "unless a declaratory decree was violated or declaratory relief was unavailable."); <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000) (per curiam).

The criteria considered in determining whether a judge was acting in his judicial capacity include whether:

> (1) the act complained of constituted a normal judicial function;

> (2) the events occurred in the judge's chambers or in open court;

> (3) the controversy involved a case pending before the judge; and

> (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

<u>William B. Cashion Nev. Spendthrift Tr. v. Vance</u>, 552 F. App'x 884, 886 (11th Cir. 2014) (per curiam) (noting that in <u>Malina v. Gonzales</u>, 994 F.2d 1121, 1124 (5th Cir. 1993), "court" was substituted for "judge" in the third factor). These factors are broadly construed in favor of immunity even if one or more of the factors is not satisfied. <u>Id.</u>

In examining Phillips's allegations against Judge Scully, the

amended complaint is replete with arguments and includes citations referencing mostly state law.[4] Thus, the Court must sift through the arguments and conclusions to distill the facts alleged, which will be taken as true. See Iqbal, 556 U.S. at 678-79.

The complained of acts consist primarily of Judge Scully denying Phillips a 72-hour hearing, holding Phillips without bond, holding Phillips's preliminary hearing 135 days late, prohibiting Phillips from testifying at the preliminary hearing, denying Phillips's motion for a speedy trial, denying Phillips's motion for a remedy from Judge Scully's errors and wrongdoings, and denying Phillips's petition for the writ of habeas corpus. (See Doc. 5 at 4-6). Phillips also alleges that Defendant Campbell aided Judge Scully in a "conspiracy" to interfere with his constitutional rights. (Id. at 7-8).

But for the brief mention of a conspiracy, the complained of acts are typical judicial actions taken by a judge in a criminal

---

[4] Cf. Lyons v. City of Abbeville, Ala., 2022 U.S. App. LEXIS 24110, at *6, 2022 WL 3703821, at *2 (11th Cir. Aug. 26, 2022) (per curiam) (finding that the violation of a state statute did not satisfy § 1983's requirement for a violation of a specific federal right unless it could be shown that the federal requirements mirror the state statute); Harris v. Birmingham Bd. of Educ., 817 F.2d 1525, 1527 (11th Cir. 1987) ("[E]ven if the state statute has been violated, that does not prove a violation of a federal constitutional right."); Smith v. State of Georgia, 684 F.2d 729, 732 n.6 (11th Cir. 1982) ("[N]ot every violation by a state agency of its own rules rises to the level of a due process infringement.").

case before a judge.  See Stump, 435 U.S. at 362 (a judicial act is "a function normally performed by a judge, and to the expectations of the parties, *i.e.*, . . . they dealt with the judge in his judicial capacity).  Moreover, some of the complained of acts appear to have come about from an encounter with Judge Scully in his judicial capacity in open court and others in the judge's chambers.  Judge Scully was thus acting in his judicial capacity in his dealings with Phillips; therefore, the first prong of the Stump test has been satisfied.

To satisfy the other element, it must be shown that Judge Scully did not act "in the 'clear absence of all jurisdiction.'" Id. at 357 (citation omitted); see Dykes v. Hosemann, 776 F.2d 942, 948 (11th Cir. 1985) (en banc) (per curiam) (drawing attention to the full quotation from Bradley v. Fisher, 80 U.S. (13 Wall.) at 351 (1872)), quoted by Stump, "clear absence of all jurisdiction *over the subject matter*") (emphasis in original).  Clear absence of jurisdiction was explained by the Stump Court

> with the following examples: if a probate judge, with
> jurisdiction over only wills and estates, should try a
> criminal case, he would be acting in the clear absence
> of jurisdiction and would not be immune from liability
> for his action; on the other hand, if a judge of a
> criminal court should convict a defendant of a
> nonexistent crime, he would merely be acting in excess
> of his jurisdiction and would be immune.

Stump, 435 U.S. at 357 n.7.  "'Where a court has some subject-matter jurisdiction, there is sufficient jurisdiction for immunity

16

purposes.'" Dykes, 776 F.2d at 948 (quoting Adams v. McIlhany, 764 F.2d 294, 298 (5th Cir. 1985)). "The precedents of both the Supreme Court and the Eleventh Circuit tie judicial immunity directly to the subject-matter jurisdiction of the court[.]" Vance, 552 F. App'x at 886-87 (finding the judge was entitled to judicial immunity even though he entered four orders before the case was officially reassigned to him because he was acting in his judicial capacity and the court had subject-matter jurisdiction over the case); see also Goodley v. Greene, 2022 U.S. App. LEXIS 25332, at *4-5, 2022 WL 4113101, at *2 (11th Cir. Sept. 9, 2022) (per curiam) (finding that the judge was entitled to absolute judicial immunity even though he entered orders after recusing himself because exceeding his own authority was not sufficient to strip him of judicial immunity when the court still retained jurisdiction over the case).

Some of the jurisdictional parameters for an Alabama district court are contained in Alabama Code § 12-12-32, which provides:

> (a) *Misdemeanors*. The district court shall have exclusive original trial jurisdiction over prosecutions of all offenses defined by law or ordinance as misdemeanors, except:
>
> . . . .
>
> (2) Any such prosecution which also involves a felony offense which is within the exclusive jurisdiction of the circuit court, except as the district court is empowered to hold preliminary hearings with respect to felonies and to receive guilty pleas as provided

17

in subsection (b) of this section; and

(3) Any misdemeanor for which an indictment has been returned by a grand jury.

(b) *Felonies*.

(1) The district court may exercise original jurisdiction concurrent with the circuit court to receive pleas of guilty in prosecutions of offenses defined by law as felonies not punishable by sentence of death.

(2) The district court shall have jurisdiction to hold preliminary hearings in prosecutions for felonies as provided for in Title 15 of this code.

Ala. Code § 12-12-32 (1975).

An examination of Phillips's amended complaint shows that he did not advise this Court of the criminal charges against him, of the circumstances under which he was placed on bond, of the reason his bond was violated, and of the offenses for which he received a preliminary hearing. Due to the lack of information in the amended complaint, the undersigned examined this Court's docket and discovered that Phillips filed a petition for the federal writ of habeas corpus, which contains information that places Phillips's allegations in this case into proper context.[5]

Extant Alabama law provides that an Alabama district court judge may conduct bond revocation hearings, see Letson v. Mitchell, 2015 U.S. Dist. LEXIS 39885, at *6, 2015 WL 1487731, at *2 (N.D.

---

[5] "A court may take judicial notice of its own records." United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

Ala. Mar. 30, 2015), as well as preliminary hearings on felonies, Ala. Code § 12-12-32 (1975).  Cf. Davis v. Hardesty, 2015 WL 404308, at *2 (M.D. Ala. Jan. 26, 2015) (finding that the district court had subject-matter jurisdiction over an unlawful detainer caused by a tenant's refusal to turn over the premises according to Ala. Code § 6-6-330).  However, Alabama's writ of habeas corpus is governed in part by Alabama Code § 15-21-6, which provides that when a petitioner is confined in a county jail or elsewhere on a felony charge, the petition "must be addressed to the nearest circuit court judge."  Ala. Code § 15-21-6(a).  Phillips complains that Judge Scully "denied the petition stating on his order 'District court no long[er] has jurisdiction,'" which Phillips contends "shows" that Judge Scully acted outside his jurisdiction. (Doc. 5 at 6).  Contrary to Phillips's assertion, the undersigned finds that Judge Scully's written acknowledgment that the district court no longer had jurisdiction actually demonstrates that Judge Scully did not take any action outside of the jurisdiction of the district court.  Indeed, Phillips's allegation reflects that Judge Scully essentially refused to act outside of his jurisdiction – whether by just writing that the district court no longer had jurisdiction on the document, or by writing a denial in addition to the statement that jurisdiction was lacking.  Thus, Judge Scully did not act outside of his jurisdiction with respect to the

petition for writ of habeas corpus.

As noted *supra*, Phillips also asserts that Defendant Campbell "aided [Judge] Scully in depriving [him of] his civil rights in a conspiracy to interfere with his civil rights." (Id. at 7-8). This Circuit has held that a judge will not be divested of judicial immunity when faced with allegations that he conspired to violate another's constitutional rights. See Dykes, 776 F.2d at 946 (citing Dennis v. Sparks, 449 U.S. 24, 27 (1980); Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. Unit B 1981); Scott v. Dixon, 720 F.2d 1542, 1546-47 (11th Cir. 1983)).

Since Judge Scully is not alleged to have violated a declaratory decree, and because both prongs of the Stump test have been satisfied, Judge Scully is due to be granted judicial immunity from Phillips's claims for damages and injunctive relief. Thus, these claims against Judge Scully are frivolous.

As noted *supra*, Phillips has also requested declaratory relief. This request for "declaratory relief" is simply two words included in the *ad damnum* clause. (See Doc. 5 at 12). Phillips does not "state with precision the declaratory judgment relief" sought as required by Rule 57. See Sparta Ins. Co. v. Guardian Servs., Inc., 2020 U.S. Dist. LEXIS 255630, at *9, 2020 WL 9814218, at *3 (S.D. Ala. Mar. 19, 2020); Fed. R. Civ. P. 57, Advisory Comm. Notes, ¶3. Moreover, "a declaratory judgment may be issued only

in the case of an 'actual controversy[,]'" [where] there [is] a substantial continuing controversy between two adverse parties." Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1347 (11th Cir. 1999) (citations omitted). "[T]he continuing controversy may not be conjectural, hypothetical, or contingent; it must be real and immediate, and create a definite, rather than speculative threat of future injury." Id. (citation and internal quotation marks omitted); cf. Emory v. Peeler, 756 F.2d 1547, 1152 (11th Cir. 1985) ("A declaration that [the judge's] past conduct violated [the plaintiff's] constitutional rights . . . 'would [be] nothing more than a gratuitous comment without any force or effect.'") (citation omitted).

Here, Phillips's amended complaint contains no allegations that Phillips will again encounter Judge Scully in his criminal cases and that he would be subject to future injury from Judge Scully. Rather, Phillips's allegations look backward, as in an action for damages. Inasmuch as Phillips's allegations do not reflect a continuing controversy with Judge Scully that will result in a definite threat of future injury, Phillips's claim for declaratory relief is frivolous.

**E. Claim Against Defendant Campbell for Denial of Access to Courts.**

Phillips asserts a claim against Defendant Campbell for denial of access to courts. That is, Phillips contends that

Defendant Campbell sent a motion or letter to Judge Scully, who denied it, instead of sending it to the circuit court judge; that the same scenario occurred when Defendant Campbell sent his petition for writ of habeas corpus to Judge Scully instead of to a circuit court judge; that Defendant Campbell did not respond to his inquiry about filing a grievance[6] and seeking an administrative remedy and an appeal; and that Defendant Campbell refused to send anything to someone other than Judge Scully, who denied all of Phillips's filings.

The right of access to the courts arises from the several sources, including the First, Fifth, and Fourteenth Amendments. See Christopher v. Harbury, 536 U.S. 403, 415 n.12 (2002). To state a § 1983 claim for denial of access to courts, an inmate must show that he has suffered an injury. See Lewis v. Casey, 518 U.S. 343, 349 (1996). "The injury requirement means that the plaintiff must have an underlying cause of action the vindication of which is prevented by the denial of access to the courts." Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1271 (11th Cir. 2010). "[T]he injury requirement is not

_____

[6] Cf. Thomas v. Warner, 237 F. App'x 435, 437 (11th Cir. 2007) (per curiam) ("[A] prisoner does not have a constitutionally-protected liberty interest in an inmate grievance procedure."); Brown v. G.P. Dodson, 863 F. Supp. 284, 285 (W.D. Va. 1994) (holding that inmate had no constitutional right to receive a response to a grievance).

satisfied by just any type of frustrated legal claim." Lewis, 518
U.S. at 354. The injury that must be shown is a "nonfrivolous
legal claim had been frustrated or was being impeded" in a
challenge to a conviction in direct or collateral proceeding or in
a civil rights action implicating a basic constitutional right.
Id. at 353-54; Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th
Cir. 1998). The underlying "claim must be described well enough
to apply the 'nonfrivolous' test and to show that the 'arguable'
nature of the underlying claim is more than hope." Christopher,
536 U.S. at 416. "Impairment of any *other* litigating capacity is
simply one of the incidental (and perfectly constitutional)
consequences of conviction and incarceration." Lewis, 518 U.S. at
355 (emphasis in original) (noting that inmates are not guaranteed
"the wherewithal to transform themselves into litigating engines
capable of filing everything").

In the present action, Phillips has not articulated an injury
that he has suffered in a direct or collateral challenge to a
conviction or in a civil rights action implicating a basic
constitutional right, and he has not shown that this underlying
action was nonfrivolous. The allegations in the amended complaint
appear to concern matters that have not culminated in a conviction,
such that they are not included in the list of cases from Lewis in
which a denial-of-access-to-courts claim may arise. See Gilbert

v. *Gunja*, 184 F.3d 817, at *1 (5th Cir. 1999) (per curiam) (unpublished) (holding that a child support action was not the type of case in which the <u>Lewis</u> Court found that an inmate could suffer a violation of access to courts); <u>Wilson</u>, 163 F.3d at 1291 (holding that an *in rem* forfeiture action was not one of the actions recognized by <u>Lewis</u> in which an inmate may have a claim for denial of access to courts); <u>Grier v. Office of the Pub. Def.</u>, 2008 U.S. Dist. LEXIS 24393, at *11, 2008 WL 821586, at *4 (N.D. Ga. Mar. 25, 2008) (finding that an appeal from a state court's order vacating a plea agreement and sentence was not a direct appeal of the plaintiff's criminal sentence because his underlying criminal proceeding was ongoing, and therefore an access-to-courts claim was not stated). Moreover, no actual injury appears to have been incurred, as Phillips has been able to pursue matters or had matters corrected by Defendant Campbell when brought to her attention. <u>See</u> <u>Branch v. Ehrlich</u>, 2022 U.S. Dist. LEXIS 10068, at *11, 2022 WL 171901, at *5 (M.D. Fla. Jan. 19, 2022) (finding no injury was shown when the plaintiff missed court appearances while held in the confinement block). Furthermore, a clerk's refusal to docket a *pro se* motion by a criminal defendant who is represented by counsel does not deprive the defendant of access to the courts. <u>Tarter v. Hury</u>, 646 F.2d 1010, 1014 (5th Cir. June 1, 1981).[7]

---

[7] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir.

Accordingly, Phillips's claim against Defendant Campbell is frivolous.

**F. Claim Against Baldwin County, Alabama.**

Finally, Phillips names Baldwin County, Alabama as a Defendant because it is the "[e]mployer" of Judge Scully and Defendant Campbell. (Doc. 5 at 10-11). Phillips makes no other allegations against Baldwin County. Holding a defendant liable solely for the actions of a subordinate or employee is not recognized as a theory of liability under § 1983. In a § 1983 action, an employer cannot be held liable solely based on its employees' actions. Monell v. Dep't of Soc. Serv., 436 U.S. 658, 691-92 (1978) (holding that city could not be held liable either vicariously or under the theory of *respondeat superior* for the acts of an employee in a § 1983 action). "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or ordered.'" Turquitt v. Jefferson County, Ala., 137 F.3d 1285, 1287 (11th Cir. 1998) (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986)). Because Phillips bases his claim against Baldwin County solely on a vicarious liability or *respondeat superior* theory, his claim against Baldwin County is

1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

frivolous as a matter of law.

**IV.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be **DISMISSED without prejudice**, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), because Phillips's claims are either frivolous or fail to state a claim upon which relief may be granted.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error

if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing done by the Magistrate Judge is not specific.

**DONE** this **27th** day of **October, 2022.**

**/S/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**