# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL BENJAMIN PHILLIPS, BCSCC # 20007708, | * * * |
| Plaintiff, | * * |
| vs. | * CIVIL ACTION NO. 22-00125-TFM-B |
| WILLIAM E. SCULLY, JR., *et al.*, | * * * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Michael Benjamin Phillips's "Request for Extention of time to file Objections / for Counsel to be Appointed or leave to Amend" (Docs. 14, 14-1).[1] In the instant motion, Phillips requests that the Court grant him leave to amend his complaint in order to supplement it with a memorandum of law, which he alleges he mailed to the Court along with his amended complaint but was either not received or not considered by the Court. (Doc. 14 at 3; Doc. 14-1 at 2-3). Phillips also asks that the Court reconsider its prior order denying his request for appointment of counsel and appoint counsel to represent him in this action. (Doc. 14 at 4-5; Doc. 14-1 at 1-2). Finally, Phillips requests that the Court grant him an

---

[1] This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) for consideration and disposition or recommendation on all pretrial matters as may be appropriate. (Doc. 3).

extension of time to file objections to the report and recommendation of the undersigned Magistrate Judge dated October 28, 2022. (Doc. 14-1 at 3-4). For the reasons stated below, it is recommended that Phillips's motion (Docs. 14, 14-1) be **GRANTED in part** and **DENIED in part**. Specifically, the undersigned recommends that Phillips's requests for leave to amend his complaint and for appointment of counsel be **DENIED**, and that his request for an extension of time to file objections to the report and recommendation be **GRANTED**.

I. BACKGROUND

Plaintiff Michael Benjamin Phillips ("Phillips"), a Baldwin County Sheriff's Corrections Center ("BCSCC") inmate proceeding *pro se* and *in forma pauperis*, filed the instant action seeking relief under 42 U.S.C. §§ 1983, 1985, and 1988 and 28 U.S.C. § 1343. On April 4, 2022, the Court ordered Phillips to file an amended complaint after determining that his original complaint was deficient and not on this Court's required form. (Doc. 4). In response, Phillips timely filed an amended complaint on this Court's § 1983 prisoner complaint form, which is now his operative complaint. (Doc. 5).

Thereafter, Phillips filed a motion requesting that the Court appoint counsel to represent him in this case. (Doc. 8). On October 4, 2022, the Court denied Phillips's motion for appointment of counsel. (Doc. 9). In the order denying appointment of

counsel, the Court found that Phillips had "failed to show that the instant case presents exceptional circumstances that would require the appoint of counsel, particularly at this early stage of the case." (Id. at 2). Although the Court recognized that Phillips would likely be aided by the assistance of counsel, the Court found that "this case is not so unusual or complex that the appointment of counsel is necessary." (Id.). The Court further noted that "Phillips's filings in this case reflect that he is fully capable of presenting the essential merits of his position to the Court." (Id.). The Court stated that the order was "subject to reconsideration at a later stage of this case if the circumstances of the case change." (Id.).

On October 28, 2022, the undersigned entered a report and recommendation ("R&R") recommending that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), because the claims in Phillips's operative complaint are either frivolous or fail to state a claim upon which relief may be granted. (Doc. 12). In the R&R, the undersigned informed Phillips that "[a]ny party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court." (Id. at 26).

## II. THE INSTANT MOTION (Docs. 14, 14-1)

In the instant motion, dated November 9, 2022, Phillips states that he received the R&R on November 3, 2022, and he "noticed issues which need to be addressed before being allowed to continue."[2] (Doc. 14 at 1). Specifically, Phillips states that the R&R "mentions several times about [his] Amended Complaint but nowhere in there does [the undersigned] ever make mention of the Memorandum/Brief, that was sent in that had legal arguments using supporting case laws, along with laws and rules." (Id. at 1-2). Phillips states that the memorandum was written "so that case laws could be quoted and supported legal [arguments] could be given, as the limited page count of the [§] 1983 [complaint form] was not sufficient . . . to fully argue this case." (Id. at 2). Phillips states that he "ha[s] to assume" given the R&R's "lack of mention" of the memorandum or the "supported case laws and legal arguments in it," that the Court either did not receive the memorandum or "refused to use" it, and he contends that this means that "not all elements were considered by the Magistrate Judge" prior to entry of the R&R. (Id.). Phillips suggests that the Court's failure to address his memorandum in the R&R may have been caused by guards at BCSCC tampering with his outgoing legal mail in an effort to

---

[2] Unless otherwise indicated by brackets, quoted language from Phillips's filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

4

hinder his various legal cases. (See id. at 2-3, 5; Doc. 14-1 at 1-2). Thus, Phillips asks for "leave to amend [his] complaint at least to the point that was submitted yet not fully considered (restoration of memorandum)." (Doc. 14 at 3).

Phillips also requests that the Court reconsider its prior order and appoint counsel to represent him in this action, and he cites several reasons for this request. (Id. at 3-5; Doc. 14-1 at 1-2). First, Phillips states that he had only "limited access to a limited law library" when he drafted his complaint, that BCSCC is currently "changing out its tablet system, which is the only means of accessing the law library," and that he therefore has no current access to a law library and does not know when he will regain such access. (Doc. 14 at 4). Second, Phillips alleges that after he filed "habeas actions in federal court," guards at BCSCC "started taking [his] legal work," including his legal notes, copies of his complaint and memorandum in this case, and another unfinished § 1983 complaint against the jail. (Id. at 5). Finally, Phillips asserts that this "case is more complex than just a simple [§] 1983 suit and this was not known" when the Court initially denied his request for counsel. (Doc. 14-1 at 1).

Phillips states that if the Court denies his requests for appointment of counsel and for leave to amend his complaint, he "will be forced to ask for a[n] exten[s]ion on the time [he has] to file objections" to the R&R. (Id. at 3). Phillips asserts

5

that "[w]ithout access to the law library and no lawyer," he must ask for more time to raise objections so [he] can review the laws and rules that govern how the proceeding can go."  (Id. at 4).

**III. DISCUSSION**

**A. Leave to Amend.**

As noted *supra*, Phillips requests that the Court grant him leave to amend his complaint to supplement it with a memorandum "that had legal arguments using supporting case laws, along with laws and rules," which he alleges was mailed along with his amended complaint but was either not received or not considered by the Court.[3]  (Doc. 14 at 3; Doc. 14-1 at 2-3).  Phillips contends that without the memorandum, his "case will have been poorly presented, and [therefore] unjustly ruled upon, as not all elements were considered by the Magistrate Judge before giving her Recommendation."  (Doc. 14 at 2).

Under the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" prior to service on the opposing party.  Fed. R. Civ. P. 15(a)(1); see Herington v. City of Wichita, 2017 U.S. Dist. LEXIS 3479, at *27 n.3, 2017 WL 76930, at *9 n.3 (D. Kan. Jan. 9, 2017) (noting that "courts have construed [Rule 15(a)(1)(A)] to mean that the right to amend as a

---

[3] The undersigned notes that Phillips only vaguely describes the substance of the "missing memorandum."  Therefore, the undersigned is unable to ascertain with certainty whether the memorandum referenced by Phillips is contained in the record before the Court.

6

matter of course terminates 21 days after service, not that the right to amend is prohibited prior to service"). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

Although Phillips has already amended his complaint once, he did so at the Court's direction. (See Docs. 4, 5). Consequently, he was not barred from filing a second amended complaint as a matter of course. See Renasant Bank, Inc. v. Smithgall, 2016 U.S. Dist. LEXIS 4056, at *5, 2016 WL 164311, at *2 (N.D. Ga. Jan. 13, 2016) (holding "that Plaintiff's court-ordered First Amended Complaint did not qualify as Plaintiff's amendment allowed as a matter of course under Fed. R. Civ. P. 15"). However, Phillips did not file a second amended complaint as a matter of course. Instead, after the undersigned recommended that his first amended complaint be dismissed without prejudice pursuant to § 1915(e)(2)(B)(i) and (ii), Phillips moved for leave to amend the complaint, without attaching a proposed amended pleading[4] and for

---

[4] "A motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (per curiam); see also S.D. Ala. CivLR 15(b) ("A motion to amend a pleading must state specifically what changes are sought by the proposed amendment. The proposed amended pleading must be filed as an attachment to the motion to amend."). Phillips neither specifically sets forth the substance of the legal memorandum that he seeks to add to his complaint nor attaches a copy of the memorandum itself.

7

the sole express purpose of supplementing his factual allegations with legal arguments and citations. By doing so, Phillips "invited [this Court] to review [his] proposed amendments." Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (per curiam); see Daker v. Comm'r, Ga. Dep't of Corr., 850 F. App'x 731, 733 (11th Cir. 2021) (per curiam) ("A district court does not abuse its discretion by ruling on a motion to amend even if the plaintiff had the right to amend his complaint as a matter of course because, by filing a motion to amend, the plaintiff 'waive[s] the right to amend as a matter of course and . . . invite[s] the District Court to review [his] proposed amendments.'") (quoting Coventry First, 605 F.3d at 870); Newsome v. Scottsdale Ins. Co., 2022 U.S. Dist. LEXIS 219349, at *2, 2022 WL 17477919, at *1 (S.D. Ala. Dec. 6, 2022) ("The First Amended Complaint could have been filed without a motion because Newsome may amend 'once as a matter of course' within 21 days of service of the answer . . . . However, Newsome waived the right to amend as a matter of course and the Court will address the motion.") (citing Daker, 850 F. App'x at 733). Accordingly, the Court will address Phillips's motion for leave to amend.

Rule 15(a)(2) instructs that the Court "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, the Court "need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive,

8

or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).

Phillips's proposed amendment is due to be denied as futile. "A proposed amendment may be denied for futility 'when the complaint as amended would still be properly dismissed.'" Coventry First, 605 F.3d at 870 (quoting Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007)). Phillips acknowledges that the sole purpose of the requested amendment is to supplement his complaint with the "legal arguments using supporting case laws, along with laws and rules," contained in the "missing memorandum." (See Doc. 14 at 1-3; Doc. 14-1 at 2-3). Indeed, Phillips specifically notes that the memorandum was written "so that case laws could be quoted and supported legal arguments could be given," because he contends that the "limited page count" in this Court's § 1983 prisoner complaint form "was not sufficient . . . to fully argue this case." (Doc. 14 at 2). However, a complaint is not the appropriate vehicle for Phillips to "fully argue" the merits of his claims. "Generally, legal arguments, case citations, or quotations from other source materials have no place in a complaint." Davis v. Infinity Ins. Co., 2017 U.S. Dist. LEXIS 155054, at *15, 2017 WL 4224588, at *6 (N.D. Ala. Sept. 22, 2017) (citing Moore v. McCalla

9

Raymer, LLC, 916 F. Supp. 2d 1332, 1342 (N.D. Ga. 2013)); see also Ronald Sciortino Bankr. Est. v. Selene Fin. L.P., 2018 U.S. Dist. LEXIS 224459, at *18 n.16, 2018 WL 7075245, at *8 n.16 (N.D. Ga. Nov. 21, 2018) (noting that "a two-page 'Memorandum of Law'" included in plaintiffs' second amended complaint was "not proper for a pleading"), report and recommendation adopted, 2019 U.S. Dist. LEXIS 58428, 2019 WL 1225201 (N.D. Ga. Jan. 31, 2019); Chevy Chase Bank, F.S.B. v. Carrington, 2010 U.S. Dist. LEXIS 17724, at *13, 2010 WL 745771, at *4 (M.D. Fla. Mar. 1, 2010) ("Huge swaths of the Amended Third Party Complaint are improper irrespective of their relevance, consisting of lengthy legal arguments, case citations, and quotations from treatises—material proper in legal memoranda, but almost never proper in a complaint."); Gibson v. Crist, 2007 U.S. Dist. LEXIS 56997, at *2, 2007 WL 2257522, at *1 (N.D. Fla. Aug. 6, 2007) (explaining to prisoner bringing a complaint under § 1983 that he "should not file a memorandum of law or otherwise provide citations to statutes and cases" with his court-approved complaint form).

As the undersigned previously informed Phillips (see Doc. 12 at 7-8), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although the court must accept as true all well-pleaded factual allegations contained in a complaint, that tenet "is inapplicable to legal conclusions." Id. The Supreme Court has suggested that courts determining whether a complaint states a plausible claim for relief "adopt a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Iqbal, 556 U.S. at 679).

Given the principles outlined above, it is clear that Phillips's proposal to amend his complaint by supplementing it with a legal memorandum is futile, since the legal arguments and citations Phillips seeks to make are improper in a complaint and will do nothing to cure his failure to allege sufficient *factual matter* to state claims that are not frivolous and plausibly give rise to an entitlement to relief. To the extent Phillips wishes to make legal arguments and cite cases and other authorities challenging the determination that his claims are either frivolous or do not plausibly entitle him to relief, he has the opportunity to do so in his objections to the R&R.

11

### B. Appointment of Counsel.

Phillips's request that the Court reconsider its prior order denying his request that counsel be appointed to represent him in this case is likewise due to be denied. As noted previously, Phillips contends that court-appointed counsel is necessary because he does not presently have access to a law library and does not know when he will regain law library access, because guards at BCSCC have allegedly taken and destroyed some of his "legal work," and because of the "complex" nature of this case. (Doc. 14 at 4-5; Doc. 14-1 at 1-2).

Under 28 U.S.C. § 1915(e)(1), a district court has broad discretionary authority to appoint counsel for an indigent plaintiff in a civil case. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999) (stating that the district court has "broad discretion" in deciding whether to appoint counsel for an indigent plaintiff under 28 U.S.C. § 1915(e)(1)). As a civil litigant, Phillips has no absolute statutory or constitutional right to counsel. See Sims v. Nguyen, 403 F. App'x 410, 414 (11th Cir. 2010) (per curiam); Bass, 170 F.3d at 1320 ("A plaintiff in a civil case has no constitutional right to counsel."). Appointment of counsel in a civil case "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so

novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990). The Eleventh Circuit has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993).

Phillips has again failed to demonstrate exceptional circumstances that would justify the appointment of counsel at the pleading stage of this case. Contrary to Phillips's assertion, there is nothing currently before the Court that would suggest that this case is more complex than it was understood to be when the Court denied Phillips's request for appointment of counsel two months ago. Furthermore, Phillips fails to explain how counsel would assist him in alleging facts beyond those alleged in his amended complaint, which the undersigned found insufficient to state a claim that was not frivolous and plausibly gave rise to an entitlement to relief. As the undersigned previously noted, Phillips's filings reflect that he is articulate and fully capable of presenting the facts and essential merits of his position to the Court. Nor has Phillips shown that he is being denied access to the Court in this case. On the contrary, the record reflects that Phillips has received and timely responded to every Court

13

order or directive in this action. (See Docs. 4, 5, 12, 14). The record further reflects that Phillips had the opportunity to plead his claims on the standard complaint form provided by the Court, which required him to plead only the facts and information specified in the form and not to cite cases or attempt any legal analysis. (See Doc. 5). Finally, the undersigned submits that Phillips has failed to demonstrate that he has a viable claim against any of the Defendants in this action, which further weighs against appointing counsel to represent him in this case. Accordingly, it is recommended that Phillips's renewed request for appointment of counsel be denied.

### C.   **Extension of Time to File Objections to the R&R.**

Finally, Phillips requests an extension of time to file objections to the R&R dated October 28, 2022, "due to all issues that have been mentioned, but the biggest one being no access to a law library at this time." (Doc. 14-1 at 3). Given the length of the R&R, the various legal issues addressed therein, Phillips's *pro se* and incarcerated status, and his alleged lack of current law library access, the undersigned finds that Phillips's request for an extension of time is reasonable. Accordingly, the undersigned recommends that the Court grant Phillips's instant motion to the extent it requests an extension of time to file objections to the R&R.

## IV. CONCLUSION

For the reasons set forth above, it is recommended that Phillips's "Request for Extention of time to file Objections / for Counsel to be Appointed or leave to Amend" (Docs. 14, 14-1) be **GRANTED in part** and **DENIED in part**. To the extent the motion requests that Phillips be granted leave to amend his complaint and that the Court appoint counsel to represent Phillips in this action, it is recommended that the motion be **DENIED.** To the extent the motion requests that Phillips be granted an extension of time to file objections to the report and recommendation of the undersigned Magistrate Judge dated October 28, 2022 (Doc. 12), it is recommended that the motion be **GRANTED**.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **19th** day of **December, 2022.**

                                          **/s/ SONJA F. BIVINS**
                             **UNITED STATES MAGISTRATE JUDGE**